NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CMA CGM, S.A., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant-Appellee. | No. 25-292 <br><br> D.C. No. <br> 2:24-cv-03369-PA-MAR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 18, 2026
San Francisco, California

Before: BENNETT, KOH, and MENDOZA, JR., Circuit Judges.

CMA CGM, S.A. ("CMA") appeals the district court's dismissal with

prejudice of its action against BNSF Railway Company ("BNSF") arising from the

theft of cargo transported by BNSF during the inland rail leg of an international

shipment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court correctly concluded that CMA's claims are unambiguously governed by the claim-filing provisions contained in BNSF's Intermodal Rules. CMA's complaint seeks recovery from BNSF for liability allegedly arising from cargo loss occurring while the shipment was in BNSF's custody. The Intermodal Rules require that a claimant file with BNSF an internal "claim[] for cargo loss or damage" within nine months of delivery. And they require that such "a timely valid claim" is "a prerequisite before the [claimant] can bring a suit for loss or damage against BNSF." Although CMA characterizes its causes of action as being rooted in indemnity, negligence, breach of contract, and breach of bailment claims, each claim is factually predicated on the same alleged cargo loss. The contractual filing requirement therefore applies according to its terms. *See MSC Mediterranean Shipping Co. S.A. v. BNSF Ry. Co.*, No. 24-3957, 2025 WL 1924903, at *1–2 (9th Cir. July 14, 2025) (holding that materially similar provisions in BNSF's Intermodal Rules govern claims based on asserted liability for cargo loss or damage regardless of the particular legal theory asserted, including indemnity claims).

CMA also invokes equitable principles to challenge enforcement of the Intermodal Rules. CMA argues that compliance with the nine-month filing deadline should be excused because it allegedly lacked notice of the cargo loss until after the filing period expired. But that argument is unavailing, as *M/V*

*American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483 (9th Cir. 1983), precludes impracticability or impossibility defenses in these circumstances. In that case, we held that the plaintiffs could not raise impracticability and impossibility defenses against enforcement of a similar maritime contract provision stipulating to the timing deadline for filing lawsuits. *Id*. at 1487 & n.3. We explained that such defenses "excuse performance of a contract duty or promise," not compliance with "a condition to the existence of a claim." *Id*. Here, the time limitations in the BNSF Intermodal Rules are conditions to the existence of any claim for cargo loss or damage, and CMA seeks to excuse that condition as applied to indemnity actions. Under our reasoning in *M/V American Queen*, this it may not do.

To the extent CMA attempts to assert an unconscionability defense, that argument was forfeited. *See* Fed. R. App. P. 28(a)(8)(A). CMA's opening brief does not meaningfully develop an unconscionability challenge to the claim-filing provision, identify any applicable legal standard on this score, or explain why the provision is procedurally or substantively unconscionable. Passing references to fairness and equity are insufficient to preserve an unconscionability argument for appellate review.

The district court also properly dismissed CMA's gross negligence claim. The complaint alleges only that BNSF failed to safeguard the cargo and allowed

the shipment to be lost or stolen. Those allegations do not plausibly state a claim for gross negligence. *See Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1015 (9th Cir. 1999) (Gross negligence is "'[t]he intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another; such a gross want of care and regard for the rights of others as to justify the presumption of willfulness and wantonness.'" (quoting *Negligence*, *Black's Law Dictionary* (4th ed. 1968)). Both below and on appeal, CMA fails to identify any additional facts that would rise to the level of gross negligence.

Nor did the district court abuse its discretion by dismissing with prejudice. Although leave to amend should be freely granted when justice so requires, a plaintiff must articulate how amendment would cure the identified defects. *See, e.g.*, *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend when plaintiffs did not "propose any specific allegations that might rectify their failure" to state a claim). In the district court, CMA did not identify additional facts that would support a gross negligence claim. As to gross negligence, CMA's supplemental opposition to Defendant's dismissal motion merely referenced the Grandy Declaration without proposing new allegations specifically directed at that claim. On appeal, CMA sought leave to amend only to allege facts concerning its asserted inability to comply with the nine-month filing deadline. A single footnote in CMA's reply brief suggesting that

4

dismissal of the gross negligence claim should be without prejudice is insufficient to preserve a request for amendment. And because CMA failed to demonstrate how amendment would cure the deficiencies identified by the district court, dismissal with prejudice was proper.

Because the claims are barred by the contractual filing requirements and CMA's remaining arguments do not provide a basis for relief, we need not reach the parties' alternative arguments concerning the application of the Carriage of Goods by Sea Act.

**AFFIRMED.**